# EXHIBIT "A"

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street.
Suite 300
Philadelphia, PA 19103
P: (267) 780-2232
F: (267) 780) 2948
www.forthepeople.com

**Travis J. Savoia**
**ID# 309680**
tsavoia@forthepeople.com

Filed and Attested by the Office of Judicial Records 19 NOV 2025 03:12 pm L. BREWINGTON

| | |
|---|---|
| **LORRAINE FERENCE**<br>**84 QUINCE CIRCLE**<br>**NEWTON, PA 18940**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br>**107 MISTY HILL DRIVE**<br>**DELTA, PA 17314**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br>**92200 EAST 146th Street**<br>**NOBLESVILLE, IN 46060**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>**_____________ TERM, 2025**<br><br>**No.: ___________________**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED** |
| NOTICE<br><br>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br><u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u><br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | AVISO<br><br>Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.<br><br><u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u><br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107 |

| | |
|---|---|
| | Telefono: (215) 238-1701 |

## CIVIL ACTION COMPLAINT

Plaintiff, Lorraine Ference, by and through her undersigned counsel and the law firm Morgan & Morgan, assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Lorraine Ference (hereinafter "Plaintiff"), is an adult individual who resides at 84 Quince Circle, Newton, PA 18940.

2. Defendant, Marcia Edwards (hereinafter "Defendant Edwards"), is an adult individual who resides at 107 Misty Hill Drive, Delta, PA 17314, who at all relevant times, was the agent, servant, workman and/or employee of JB Hunt Transport Inc. and was acting in the course and scope of his employment.

3. Defendant JB Hunt Transport Inc., (hereinafter "Defendant JB"), is a corporation with a principal place of business located at 9200 East 146th Street, Noblesville, Indiana 46060.

4. At all relevant times, Defendant JB regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania.

## FACTUAL BACKGROUND

5. On or about March 29, 2025, Plaintiff was operating her vehicle vehicle north on Roosevelt Boulevard in Philadelphia, Pennsylvania.

6. At the same date, place, and time, Defendant Edwards was operating a tractor trailer owned by Defendant JB travelling traveling on Grant Avenue approaching the intersection of Grant Avenue and Roosevelt Boulevard.

7. Defendant Edwards attempted to turn left on to Grant Avenue and struck the Plaintiff's vehicle causing a collision.

8. Defendant Edwards failed to observe the Plaintiff causing her to strike the Plaintiff's vehicle.

9. Defendant Edwards did so carelessly and negligently operate his tractor trailer at an excessive rate of speed for the conditions resulting in excessive property damage to Plaintiff's vehicle and causing serious and permanent injuries to the Plaintiff.

10. As a direct and proximate result of the negligence and/or carelessness of Defendants, Plaintiff sustained the following injuries:

a. Cervical disc herniation;

b. Cervical radiculopathy;

c. Lumbar disc herination;

d. Lumbar Radiculopathy;

e. Neuralgia;

f. Neuritis;

g. Muscle Spasms;

h. Nerve Damage;

11. As a result of the aforesaid injuries the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

12. Plaintiff continues to require treatment for such injuries.

13. All of the treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

14. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period into the future.

15. As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period into the future.

16. As a result of the aforesaid injuries, the Plaintiff have suffered disruptions to their daily life as well as constant pain.

17. As a result of the aforesaid injuries, the Plaintiff have been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

18. As a result of the aforesaid injuries, the Plaintiff sustained lost wages and impairment of their earning capacity / potential.

19. This crash was in no way caused or contributed to by the actions of Plaintiff. Responsibility for all damages, materially and physically, lay solely on the actions of the aforementioned Defendants.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**LORRAINE FERENCE v. MARCIA EDWARDS**

20. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

21. The negligence, carelessness and/or recklessness of the Defendant Edwards, individually and as the agent, servant, worker and /or employee of Defendant JB consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB Hunt Transport Inc.;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

22. Defendant knew a danger exists and intentionally failed to act in conscious disregard of the likelihood of harm to others.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant Marcia Edwards in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**LORRAINE FERENCE v. JB HUNT TRANSPORT INC., as being vicariously liable for MARCIA EDWARDS**

23. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

24. The negligence, carelessness, and/or recklessness of Defendant JB as being vicariously liable for the actions of Defendant Driver Edwards consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

25. Defendant knew a danger exists and intentionally failed to act in conscious disregard of the likelihood of harm to others.

26. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant JB as being vicariously liable for Marcia Edwards in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**LORRAINE FERENCE v. JB HUNT TRANSPORT INC.**

27. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

28. At all times relevant hereto, Defendant JB employed and was responsible for supervising and training the Defendant Edwards.

29. Defendants had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

30. The Plaintiffs were injured as a result of an incident related to the Defendant

Edwards's driving, more specifically, the Defendant's unsafe driving.

31. The negligence, carelessness and/or recklessness of the Defendant JB, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Edwards, consisted of, but is not limited to the following:

a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant Edwards;

b. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

c. Hiring and/or continuing to employ the Defendant Edwards despite the fact that he had a propensity for driving violations;

d. Hiring and/or continuing to employ the Defendant Edwards despite the fact that that he had a propensity for speeding;

e. Hiring and/or continuing to employ the Defendant Edwards despite his previous driving record;

f. Failing to have an appropriate disciplinary policy within the company;

g. Hiring and/or continuing to employ the Defendant Edwards despite his previous violations for driving under the influence.

h. Hiring and/or continuing to employ the Defendant Edwards despite his previous positive tests for driving under the influence.

i. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

j. Permitting the Defendant Edwards to operate a Tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k. Failing to train and/or properly train the Defendant Edwards prior to allowing him to operate its Tractor trailer;

l. Allowing the Defendant Edwards to operate a Tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m. Failing to adopt appropriate employee manuals and/or training procedures;

n. Failed to adopt an appropriate drug and alcohol testing program.

o. Failing to enforce both the written and unwritten policies of his employers;

p. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of employers;

q. Failing to implement and/or enforce an effective safety system;

r. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v. Failing to monitor and/or regulate its drivers' actions;

w. Failing to monitor and/or regulate speed at which the drivers drove;

x. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

y. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

aa. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

bb. Failing to act upon and remedy known violations of FMCSA regulations.

32. As a result of the above-stated acts and omissions, the Plaintiffs suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant JB in an

amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ______________________________

Travis J. Savoia, ESQUIRE
*Counsel for the Plaintiff, Lorraine Ference*

Date: November 19, 2025

**VERIFICATION**

I, Lorraine Ference, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 11/19/2025 | 2:35 PM EST

Lorraine Ference

Lorraine Ference

# EXHIBIT "B"

FILED
18 FEB 2026 01:28 pm
Civil Administration
J. WARCHAL

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street
Suite 350
Philadelphia, PA 19103
(215) 446-9795
(215) 446-9799 (FAX)
www.forthepeople.com

**Travis J. Savoia**
ID# 309680
tsavoia@forthepeople.com

| | |
|---|---|
| **LORRAINE FERENCE**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS. and JB HUNT TRANSPORT, INC.**<br><br>**Defendants.** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED**<br><br>**NOVEMBER TERM 2025**<br><br>**Case No.: 02833** |

## MANAGEMENT CONFERENCE MEMORANDUM

**Filing Party:** Plaintiff, Lorraine Ference

**By**: Travis J. Savoia, Esquire

**Counsel's Address and Telephone number:**
Morgan & Morgan, Philadelphia, PLLC
2005 Market Street, Suite 350
Philadelphia, PA 19103
(215) 446-9797 / Facsimile (215) 446-9799

1. **Date of accident/location or occurrence:** March 29, 2025, Grant Avenue and Roosevelt Boulevard

2. **Are there any related cases pending, if known.** No.

3. **Do you anticipate joining additional parties at this time?** No.

4. . **Current Demand:** Defendant's Policy Limits **Current Offer:** None.

5. **On behalf of the responding party, are you interested in court - supervised early mediation?** No.

6. **Age of Plaintiff on date of alleged accident or occurrence:** 53.

7. **Set forth a summary of facts giving rise to cause(s) of action:**

On or about March 29, 2025, Plaintiff was operating her vehicle vehicle north on Roosevelt Boulevard in Philadelphia, Pennsylvania. At the same date, place, and time, Defendant Edwards was operating a tractor trailer owned by Defendant JB travelling traveling on Grant Avenue approaching the intersection of Grant Avenue and Roosevelt Boulevard. Defendant Edwards attempted to turn left on to Grant Avenue and struck the Plaintiff's vehicle causing a collision. Defendant Edwards failed to observe the Plaintiff causing her to strike the Plaintiff's vehicle. Defendant Edwards did so carelessly and negligently operate his tractor trailer at an excessive rate of speed for the conditions resulting in excessive property damage to Plaintiff's vehicle and causing serious and permanent injuries to the Plaintiff.

8. **Identify most serious injuries sustained:** C4-5, C5-6 disc herniation

9. **Is there any permanent injury claimed?** Yes.

**If yes, indicate the type of permanent injury:** C4-5, C5-6 disc herniation

10. **Please identify each medical treatment facility or medical provider by name, address, and dates of medical treatment:**

Jefferson Outpatient MRI
850 Walnut Street
Philadelphia, PA 19107

Abington Memorial Hospital
1200 Old York Rd.
Abington PA 19001

Premier Orthopedics
266 W Lancaster Ave #200
Malvern PA 19355

Princeton Brain and Spine
104 Pheasant Run #105
Newtown PA 18940

Elite Care Rx
P.O. Box 72625
Cleveland Oh 44192

11. **Is medical treatment continuing?** Yes.

**If "yes", please identify at which facility or provider:** Premier Orthopedics

12. **Has there been an inpatient hospitalization?**. No

13. **Has there been any surgery, injection or diagnostic testing performed?** Yes.

    **If yes, indicate the type of surgery, injection or diagnostic test performed:** Cervical fusion C4-C6.

14. **Approximate medical bills to date:**

| | |
|---|---|
| Abington Hospital | $4,047.078 |
| Jefferson Outpatient | $13,167.20 |
| Elite RX | $24,560.40 |
| Premier Orthopedic | $1,952.00 |

**Outstanding Medical Expenses:**

See above.

15. **Approximate medical bills recoverable in this case:** See above.

16. **In Automobile cases, has PIP been exhausted?** Yes.

17. **In Automobile cases, please identify Plaintiff's tort status. Please also provide the executed tort waiver in effect as of date of loss and the Declaration Page to all counsel prior to the Conference. If there is an issue with Plaintiff's tort status, please explain.**

    Full.

18. **Are there any existing liens (Workers' Compensation, DPW, Medical, etc.?)** None to date.

    **If yes, what type and approximate amount?** $0.00 to date, however, subject to change.

19. **Was Plaintiff employed at the time of the accident or occurrence?** Yes.

    **If yes, identify Plaintiff's occupation:** Store Clerk.

20. **Is there a claim for past lost wages?** Yes.

    **If yes, approximate past lost wages:** To be determined.

21. **Is there a claim for future lost earning capacity? Yes.**

    **If yes, approximate future lost earning capacity:** Expert reports will be supplied.

22. **Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.**

None.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ________________________________

Travis J. Savoia, ESQUIRE
*Counsel for the Plaintiff, Lorraine Ference*

# EXHIBIT "C"

Filed and Attested by the Office of Judicial Records 01 DEC 2025 03:56 pm G. IMPERATO

LORRIANE FERENCE

Plaintiff

vs

MARCIA EDWARDS, ET AL

Defendant

PHILADELPHIA Venue

Docket Number: NOVEMBER TERM 2025 NO 02833

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ ______

**Person to be served** (Name and Address):
MARCIA EDWARDS
107 MISTY HILL DRIVE
DELTA PA 17314
**By serving:** MARCIA EDWARDS

**Attorney:** TRAVIS J. SAVOIA, ESQ.

**Papers Served:** NOTICE, COMPLAINT, VERIFICATION

**Service Data:** [X] Served Successfully [ ] Not Served

Date/Time: 11/29/25 @ 2:02pm

[ ] Delivered a copy to him/her personally

[X] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

Cassandra Edwards

mother/co-Resident

**Description of Person Accepting Service:**

SEX: F AGE: 65 HEIGHT: 5'10" WEIGHT: 175 SKIN: Black HAIR: Black OTHER: glasses

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on: Date/Time: ______
Date/Time: ______
Date/Time: ______

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

1 day of December, 20 25

Notary Signature: Kelly J McClain

Kelly J McClain — Name of Notary

August 25, 2029 — Commission Expiration

Commonwealth of Pennsylvania - Notary Seal
Kelly J. McClain, Notary Public
Lebanon County
My commission expires August 25, 2029
Commission number 1400300
Member, Pennsylvania Association of Notaries

**Docusign Court Approved E-Signature**

I, Davis Williams, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Davis Williams — Signature of Process Server

12/1/2025 — Date

Name of Private Server: ______ Address: ~~2000 Morris~~ Avenue UNION, NJ 07083 Phone: (800) 672-1952

LORRIANE FERENCE

Plaintiff

VS

MARCIA EDWARDS, ET AL

Defendant

202511201700 ✓

Filed and Attested by the Office of Judicial Records 24 NOV 2025 11:11 am B. BALILONIS

Common Pleas

Venue

Docket Number: NOVEMBER TERM 2025 NO 02833

**Person to be served** (Name and Address):
JB HUNT TRANSPORT, INC.
92200 EAST 146TH STREET
NOBLESVILLE IN 46060
**By serving:** JB HUNT TRANSPORT, INC.

**Attorney:** TRAVIS J. SAVOIA, ESQ.

**Papers Served:** NOTICE, COMPLAINT, VERIFICATION

**Service Data:** [✓] Served Successfully [ ] Not Served

Date/Time: 11/21/2025 12:15 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[✓] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

Ryan Richardson

Authorized Agent

**Description of Person Accepting Service:**

SEX: M AGE: 45-60 HEIGHT: [illegible] WEIGHT: 270 lbs. SKIN: Black HAIR: Brown OTHER: Glasses

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on: Date/Time: ________
Date/Time: ________
Date/Time: ________

Other:

Seal
Debra L. Bateman
Notary Public
Grant County, State of Indiana
Commission No. [illegible]0730178
My Commission Expires: November 29, 2028

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this
21 day of Nov, 20 25

Notary Signature: [signature]

DEBRA L BATEMAN 11/29/28
Name of Notary Commission Expiration

**Docusign Court Approved E-Signature**

I, Mark Fleming was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

[signature] 11/21/2025
Signature of Process Server Date

Name of Private Server: __________ **Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952**

# EXHIBIT "D"

| | |
|---|---|
| **LORRAINE FERENCE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCIA EDWARDS and**<br>**JB HUNT TRANSPORT INC.,**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**Case No: 251102833** |

OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
Filed and Attested by the
Office of Judicial Records
02 DEC 2025 10:19 am
G. IMPERATO

**ORDER**

**AND NOW**, this _______ day of _________________, 2025, upon consideration of the Preliminary Objections filed by Defendants JB Hunt Transport, Inc. and Marcia Edwards ("JBH Defendants") and any response(s) thereto, it is hereby **ORDERED** and **DECREED** that said Preliminary Objections are **SUSTAINED**:

(1) The punitive damages prayers contained in the *ad damnum* clauses of the three Counts of the Complaint are hereby **STRICKEN** and **DISMISSED** with **PREJUDICE**;

(2) Language alleging reckless conduct or actions and omissions done with "conscious" or "intentional disregard," which are set forth in Paragraphs and Subparagraphs 21, 21(f), 24, 24(f), 31.21(v)-(z) 22, 24(v)-(z), and 25 of the Complaint are hereby **STRICKEN** and **DISMISSED** with **PREJUDICE**;

(3) Plaintiff's allegations in subparagraphs 31 (u), (aa), (bb), and 31(z) are hereby **STRICKEN** and **DISMISSED** with **PREJUDICE**.

BY THE COURT:

______________________________
J.

**TO PLAINTIFF(S):**
**YOU ARE HEREBY NOTIFIED TO PLEAD TO THE ENCLOSED PRELIMINARY OBJECTIONS WITHIN TWENTY (20) DAYS FROM THE SERVICE HEREOF OR A JUDGMENT MAY BE ENTERED AGAINST YOU.**

***/s/ Zachary J. Ballard, Esq.***
**ATTORNEY FOR DEFENDANTS, DEFENDANTS JB HUNT TRANSPORT, INC. AND MARCIA EDWARDS**

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**
By: Zachary J. Ballard, Esquire (Atty ID #206177)
Jared T. Hay, Esquire (Atty ID #88855)
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
Fax (215) 606-6601
Email: zballard@srstlaw.com
jhay@srstlaw.com

*Attorneys for Defendants, Marcia Edwards and JB Hunt Transport, Inc.*

| | |
|---|---|
| LORRAINE FERENCE<br><br>Plaintiff,<br><br>v.<br><br>MARCIA EDWARDS and<br>JB HUNT TRANSPORT, INC.<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER 2025 TERM<br><br>No. 02833 |

**PRELIMINARY OBJECTIONS OF DEFENDANTS,**
**JB HUNT TRANSPORT, INC. AND MARCIA EDWARDS**

Defendants JB Hunt Transport, Inc. ("JB Hunt") and Marcia Edwards ("Edwards") (collectively referred to as the "JBH Defendants"), by and through their undersigned counsel, Salmon, Ricchezza, Singer & Turchi LLP, submit these Preliminary Objections to Plaintiff's Complaint. The JBH Defendants bring these preliminary objections asserting that (a) Plaintiff's prayers for punitive damages and all allegations that the JBH Defendants engaged in recklessness, "conscious" or "intentional" *mens rea,* or "conscious disregard" should be stricken from the

Complaint with prejudice for insufficient specificity and legal insufficiency; (b) Subparagraphs ¶ 31 (u), (aa), (bb) should be stricken from the Complaint for insufficient specificity; and (c) Subparagraph 31(z) should be stricken from Plaintiff's Complaint due to its inclusion as scandalous and impertinent matter.

In support thereof, the JBH Defendants state:

## I. FACTUAL BACKGROUND

1. Plaintiff initiated this matter by filing a Complaint on or about November 19, 2025.

2. In the Complaint, Plaintiff alleges:

> On or about March 29, 2025, Plaintiff was operating her vehicle north on Roosevelt Boulevard in Philadelphia, Pennsylvania.
>
> At the same date, place, and time, Defendant Edwards was operating a tractor trailer owned by Defendant JB traveling on Grant Avenue approaching the intersection of Grant Avenue and Roosevelt Boulevard.
>
> Defendant Edwards attempted to turn left on to Grant Avenue and struck the Plaintiff's vehicle causing a collision.
>
> Defendant Edwards failed to observe the Plaintiff causing her to strike the Plaintiff's vehicle.

Plaintiff's Complaint, annexed hereto as Exhibit A, ¶¶ 5-8.[1]

3. Count I of Plaintiff's Complaint purports to sound in "Negligence/Recklessness" and alleges the same against Defendant Edwards; Count II alleges "Negligence/Recklessness" and vicarious liability against JB Hunt; and Count III alleges "Negligent and/or Reckless Hiring/Supervision/Retention against JB Hunt.

[1] The JBH Defendants deny Plaintiff's allegations of their liability and merely reproduce the Plaintiff's allegations herein so as to demonstrate their legal insufficiency.

4. Without providing any specific factual basis in support thereof, in pertinent part, Plaintiff alleges that the JBH Defendants conducted themselves with recklessness. *See id.* at ¶¶ 21, 21(f), 24, 24(f), 31.

5. The Complaint also baselessly alleges that the JBH Defendants acted with "conscious" or "intentional" *mens rea,* or "conscious disregard." *See* ¶¶ 21(v)-(z) 22, 24(v)-(z), 25.

6. Plaintiff includes prayers for punitive damages in each of the Complaint's three *ad damnum* clauses. *See id.*

7. Notably, absent from the Complaint is a factual basis to support the above-cited and -quoted allegations of recklessness, heightened *mens rea*, and prayers for punitive damages. *See id., generally.*

8. The Complaint also includes the following generalized, nonspecific, and unsupported allegations: "[v]iolating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles," "[k]nowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles," and "[f]ailing to act upon and remedy known violations of FMCSA regulations." *Id.* ¶ 31 (u), (aa), (bb).

9. Moreover, Plaintiff includes the impertinent and scandalous allegation that Defendant JB Hunt placed "more emphasis on profits than on the safety of its drivers and the motoring public," which is entirely unsupported and must be stricken. *Id.* ¶ 31(z).

10. Accordingly, the JBH Defendants bring these preliminary objections asserting that (a) Plaintiff's prayers for punitive damages and all allegations that the JBH Defendants engaged in recklessness, "conscious" or "intentional" *mens rea,* or "conscious disregard" should be stricken from the Complaint with prejudice for insufficient specificity and legal insufficiency; (b)

Subparagraphs ¶ 31 (u), (aa), (bb) should be stricken from for insufficient specificity; and (c) Subparagraph 31(z) should be stricken from Plaintiff's Complaint due to its inclusion as scandalous and impertinent matter.

## II. LEGAL ARGUMENT

### A. STANDARD OF REVIEW

11. The JBH Defendants repeat and incorporate by reference all of the above averments as though fully set forth herein.

12. Pennsylvania Rule of Civil Procedure 1028 provides, in relevant part:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> […]
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter. . .;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer);

Pa. R.C.P. 1028(a).

13. In reviewing Preliminary Objections, the Court must consider only facts that are well pleaded, material, relevant and true "together with such reasonable inferences that may be drawn from these facts." *Santiago v. Pennsylvania National Mutual Insurance Company*, 613 A.2d 1235 (Pa. Super. Ct. 1992).

14. The Court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *See Dorfman v. Pennsylvania Social Services Union-Local 668 of the Service Employees International Union*, 752 A.2d 933 (Pa.

Commw. Ct. 2000); *Turner v. Pennsylvania Board of Probation and Parole*, 749 A.2d 1018 (Pa. Commw. Ct. 2000).

15. Preliminary objections may be filed on the ground of legal insufficiency of a pleading; such an objection is commonly referred to as a demurrer. A demurrer requires that the Court resolve issues solely on the basis of the pleading with no other evidence being considered. *See Mellon Bank v. Fabinyi*, 650 A.2d 895 (Pa. Super. Ct. 1994).

16. In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and the law will not permit recovery. *See Chichester School District v. Chichester Education Association,* 750 A.2d 400 (Pa. Commw. Ct. 2000), *allocatur denied*, 795 A.2d 980 (Pa. 2000).

## B. PRELIMINARY OBJECTIONS

### 1. Preliminary Objection in the Nature of a Demurrer and Motion to Strike Plaintiff's Prayers for Punitive Damages and All Allegations that the JBH Defendants Engaged in Recklessness, or "Conscious" or "Intentional Disregard" for Insufficient Specificity and Legal Insufficiency per Pa. R. Civ. P. 1028(a)(3) and (4).

17. The JBH Defendants repeat and incorporate by reference all of the above averments as though fully set forth herein.

18. Count I of Plaintiff's Complaint purports to sound in "Negligence/Recklessness" and alleges the same against Defendant Edwards; Count II alleges "Negligence/Recklessness" and vicarious liability against JB Hunt; and Count III alleges "Negligent and/or Reckless Hiring/Supervision/Retention against JB Hunt.

19. Without providing any specific factual basis in support thereof, in pertinent part, Plaintiff alleges that the JBH Defendants conducted themselves with recklessness. *See id.* at ¶¶ 21, 21(f), 24, 24(f), 31.

20. The Complaint also baselessly alleges that the JBH Defendants acted with "conscious" or "intentional" *mens rea,* or "conscious disregard." *See* ¶¶ 21(v)-(z) 22, 24(v)-(z), 25.

21. Plaintiff's prayers for punitive damages and all allegations that the JBH Defendants engaged in recklessness, "conscious" or "intentional" *mens rea,* or "conscious disregard" should be stricken from the Complaint with prejudice for insufficient specificity and legal insufficiency.

22. Pennsylvania case law and rules establish that where punitive damages are claimed, the complaint must contain specific averments of fact sufficient to support such a claim as well as inform the defense of what to expect at trial. *See* Pa. R. Civ. P. 1028(a)(2) and (3), *supra*.

23. This is because Pennsylvania is a fact pleading jurisdiction. *See Miketic v. Barron,* 675 A.2d 324, 330-31 (Pa. Super. Ct. 1996).

24. "Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." *Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co.,* 613 A.2d 1235, 1238 (Pa. Super. Ct. 1992).

25. Furthermore, under Rule 1019(a), a plaintiff "must not only apprise the defendant of an asserted claim, but it must also synopsize the essential facts to support the claim." *Miketic,* 675 A.2d at 331.

26. Pennsylvania courts have adopted § 908 of the Restatement (Second) of Torts as the law for punitive damages. Section 908 of the Restatement (Second) of Torts provides:

> (1) Punitive damages are damages....awarded against the person to punish him for his outrageous conduct or to deter him and others like him from similar conduct in the future.
>
> (2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the right of others.

27. Outrageous conduct has been defined as an act done with either a "bad motive or with a reckless indifference for others." *Woodson v. AMF Leisureland Ctrs., Inc.,* 842 F.2d 699, 703 (1988).

28. Thus, for any consideration of punitive damages, the Complaint must reflect facts that would establish a defendant's behavior as flagrant and grossly deviating from an ordinary standard of care. *See Albright v. Abington Mem'l Hosp.,* 696 A.2d 1159, 1164 (Pa. 1997).

29. Notably, although the Complaint contains unsupported characterizations of the JBH Defendants' conduct as reckless or in conscious disregard or similar allegations, it is devoid of any factual support for the concept that the JBH Defendants conducted themselves with reckless indifference to the rights of others or with evil motive. *See id., generally.*

30. The Pennsylvania Supreme Court defines "recklessness" as:

> an act or intentional[] fail[ure] to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Tayar v. Camelback Ski Corp.,* 47 A.3d 1190, 1201 (Pa. 2012) (citation omitted).

31. "Reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." *Id.* (citations omitted).

32. "Recklessness is more than ordinary negligence and more than want of ordinary care; it is an extreme departure from ordinary care, a wanton or heedless indifference to consequences, an indifference whether or not wrong is done, and an indifference to the rights of others." *Id*. (citations omitted).

33. The Complaint is devoid of any facts, let alone material facts, which would elevate the JBH Defendants' alleged actions or inactions to levels constituting recklessness or conscious disregard of a known risk to warrant claims for punitive damages.

34. The facts alleged against the JBH Defendants simply do not rise to the level of outrageous conduct, bad motive, nor reckless indifference to the rights of others required under all applicable standards and precedent.

35. The Complaint also does not advise the JBH Defendants of the basis for such wild claims so as to prepare defenses under our system of fact pleading, nor does it synopsize the essential facts to support the claim of heightened scienter as required in the case law set forth above.

36. Even taking the allegations of the Complaint and all inferences reasonably deducible therefrom as true, it is patent that there is no predicate for an assessment of punitive damages against the JBH Defendants. *See, generally*, Exhibit A.

37. No facts are alleged to support the concept that "the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that the defendant acted, or failed to act, in conscious disregard of that risk." *Valentino v. Phila. Triathlon, LLC,* 2016 PA Super 248, 150 A.3d 483, 488 (Pa. Super. Ct. 2016) (granting preliminary objections on punitive damages claims) (citing *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 983-984 (Pa. Super. Ct. 2005), *aff'd,* 922 A.2d 890 (Pa. 2007)).

38. Moreover, Plaintiff alleges identical boilerplate averments against the JBH Defendants with respect to their alleged conduct.

39. Non-specific, boilerplate and open-end allegations of negligence are objectionable and may be stricken from the complaint to prevent a Defendant from being prejudiced in preparing

a defense. *Liquori v. Wind Gap Chiropractic Ctr.*, 75 Pa. D. & C. 4th, 111-112 (C.C.P. North Hampton Cnty. 2005).

40. Here, the absence of actual support for punitive damages claims vitiates any possibility that the defendants "subjectively appreciated" an alleged risk of harm to which the plaintiffs were exposed.

41. Facts/averments that would exemplify that the JBH Defendants had a subjective appreciation of the risk of harm to which Plaintiff was exposed and that the JBH Defendants acted or failed to act in conscious disregard of that risk are particularly significant and absolutely required in a case where Plaintiff attempts to cast the JBH Defendants as acting in a manner that is reckless, intentional, and/or consciously indifferent.

42. Patently, the Complaint is devoid of any support for the claim of entitlement to an assessment of punitive damages against the JBH Defendants.

43. As such, the Complaint fails to contain sufficiently specific facts to enable the JBH Defendants to prepare a defense, and its language is violative of the Pennsylvania Rules of Civil Procedure and case law in support thereof pertaining to contents of pleadings. *See Connor v. Allegheny General Hospital,* 461 A.2d 600 (Pa. 1983).

44. There simply is no legal or factual predicate alleged for potential imposition of punitive damages against the JBH Defendants per Pa. R. Civ. P. No. 1028(a)(4) and Pa. R. Civ. P. No. 1028(a)(3).

45. Therefore, the JBH Defendants request that the Court sustain their Preliminary Objection in the nature of a demurrer and strike with prejudice the prayers for punitive damages as to the JBH Defendants contained in the *Wherefore* clauses of the Complaint, as well as the language describing their conduct as reckless or done with "conscious" or "intentional disregard,"



Case ID: 251102833
Control No.: 25120750

which are set forth in Paragraphs and Subparagraphs 21, 21(f), 24, 24(f), 31.21(v)-(z) 22, 24(v)-(z), and 25 of the Complaint.

**WHEREFORE**, Defendants JB Hunt Transport, Inc. and Marcia Edwards respectfully urge the Court to sustain the instant preliminary objection to the Complaint and enter the accompanying proposed Order.

**2. Preliminary Objection in the Nature of a Motion to Strike Subparagraphs 31 (u), (aa), (bb) for Insufficient Specificity under Pa. R. Civ. P. 1019(a) and 1028(a)(3)**

46. The JBH Defendants repeat and incorporate by reference all of the above averments as though fully set forth herein.

47. A complaint must give a defendant notice of what plaintiff's claims are, the grounds upon which they rest, and formulate the issues by summarizing the essential facts that support their claim. *See Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. Ct. 2008); Pa. R.C.P. 1019(a).

48. The Complaint also includes the following generalized, nonspecific, and unsupported allegations: "[v]iolating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles," "[k]nowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles," and "[f]ailing to act upon and remedy known violations of FMCSA regulations." *Id.* ¶ 31 (u), (aa), (bb).

49. Plaintiff provides no information as to which rules, laws, and/or regulations are being referenced in Subparagraphs 31 (u), (aa), and (bb) and were allegedly violated. This is insufficiently specific to place the JBH Defendants on notice of the claims being made against them.

50. Where, as here, a complaint fails to meet the pleading requirement, a preliminary objection on the grounds that the complaint is insufficiently specific is appropriate. *See* Pa. R.C.P. 1028(a)(2) and (3); *Connor v. Allegheny Gen. Hosp.*, 461 A.2d 600, 603 n.3 (Pa. 1983).

51. A pleading must be sufficiently specific to enable a defendant to prepare his defense. *See Smith v. Wagner*, 588 A.2d 1308, 1310 (Pa. Super Ct. 1991) (citation omitted).

52. In deciding whether averments in a complaint are sufficient, "a court must ensure that the challenged averments present no risk of a future, unexpected amendment to the complaint based upon new facts after the statute of limitations has run." *Kapacs v. Martin*, 81 Pa. D. & C. 4th 509, 516 (C.C.P. Lackawanna Cnty. 2006) (citing *Connor, supra*.).

53. Non-specific, boilerplate and open-end allegations of negligence are objectionable and may be stricken from the complaint to prevent a Defendant from being prejudice in preparing a defense. *See Liquori v. Wind Gap Chiropractic Ctr.*, 75 Pa. D. & C. 4th, 111-112 (C.C.P. North Hampton Cnty. 2005).

54. Additionally, Pennsylvania courts have held that allegations that a statute has been violated without specification of which provisions have been violated, are "prejudicial without clarity and specification." *Green v. Klein*, 16 Pa. D. & C. 5th 144, 153 (C.C.P. Monroe Cnty. 2010); *Graham v. Campo*, 990 A.2d 9, 14 (Pa. Super. Ct. 2010).

55. These averments in Subparagraphs 31(u), (aa), and (bb) fail to comply with the requirements of Pa. R. Civ. P. 1019(a) and 1028(a)(3), in that Plaintiff has failed to state with sufficient specificity the material facts on which these claims and allegations of general negligence are based in a concise and summary form.

56. Here, Plaintiff has failed to identify the specific parts, sections and/or rules of the transportation law, state and federal, with which the JBH Defendants purportedly failed to comply.

57. Instead, Plaintiff's averments are impermissibly vague, indefinite, and lack the specificity required that would enable the JBH Defendants to prepare a defense.

58. Such language in Plaintiff's Complaint violates the Pennsylvania Rules of Civil Procedure, and case law in support thereof, pertaining to contents of pleadings. *See Connor, supra*.

59. Accordingly, Subparagraphs 31(u), (aa), and (bb) must be stricken with prejudice.

**WHEREFORE**, Defendants JB Hunt Transport, Inc. and Marcia Edwards respectfully urge the Court to sustain the instant preliminary objection to the Complaint and enter the accompanying proposed Order.

**3. Preliminary Objection in the Nature of a Motion to Strike Subparagraph 31(z) for Scandalous and Impertinent Matter Pursuant to Pa. R. Civ. P. 1028(a)(2)**

60. The JBH Defendants repeat and incorporate by reference all of the above averments as though fully set forth herein.

61. As noted above, Plaintiff includes the impertinent and scandalous allegation that Defendant JB Hunt placed "more emphasis on profits than on the safety of its drivers and the motoring public," which is entirely unsupported and must be stricken. *Id.* ¶ 31(z).

62. Pa. R. Civ. P. 1028(a)(2) provides that a preliminary objection is proper if a pleading includes scandalous or impertinent matter or if it fails to conform to law or rule of court.

63. Pennsylvania Courts have defined "pertinent" and "scandalous" matters as "allegations . . . immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commw. 1998), citing *Commonwealth, Dept. of Environmental Resources v. Peggs Run Coal Co.*, 55 Pa. Commw. 312, 423 A.2d 765 (1980). See also, *Nading v. Boice*, 61 Pa. D. & C.4th 353, 360 (Pa.Com.Pl. 2003).

64. If the allegation is wholly irrelevant to the action and is without any influence in leading to the results of the judicial inquiry, said allegation will be deemed impertinent. *See Jefferies v. Hoffman*, 207 A.2d 774 (Pa. 1965).

65. Subparagraph 31(z) is wholly irrelevant to the action, and Plaintiff's inclusion of same in their Complaint serves no proper pleading purpose other than to cause prejudice to the defendants before the Court.

66. The subparagraph's inclusion is unnecessary, immaterial, and serves no proper pleading requirement under the Pennsylvania Rules and, as such, must be stricken with prejudice from Plaintiff's Complaint.

**WHEREFORE**, Defendants JB Hunt Transport, Inc. and Marcia Edwards respectfully urge the Court to sustain the instant preliminary objection to the Complaint and enter the accompanying proposed Order.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI LLP**

By: /s/ Zachary J. Ballard
Zachary J. Ballard, Esq.
Jared T. Hay, Esq.
Attorneys for Defendants
JB Hunt Transport, Inc. and Marcia Edwards

Dated: December 2, 2025

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**
By: Zachary J. Ballard, Esquire (Atty ID #206177)
Jared T. Hay, Esquire (Atty ID #88855)
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
Fax (215) 606-6601
Email: zballard@srstlaw.com
jhay@srstlaw.com

*Attorneys for Defendants, Marcia Edwards and JB Hunt Transport, Inc.*

| | |
|---|---|
| LORRAINE FERENCE<br><br>Plaintiff,<br><br>v.<br><br>MARCIA EDWARDS and<br>JB HUNT TRANSPORT, INC.<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER 2025 TERM<br><br>No. 02833 |

**MEMORANDUM OF LAW IIN SUPPORT OF THE PRELIMINARY OBJECTIONS OF DEFENDANTS, JB HUNT TRANSPORT, INC. AND MARCIA EDWARDS**

## I. MATTER BEFORE THE COURT

Defendants JB Hunt Transport, Inc. ("JB Hunt") and Marcia Edwards ("Edwards") (collectively referred to as the "JBH Defendants"), by and through their undersigned counsel, Salmon, Ricchezza, Singer & Turchi LLP, submit this Memorandum of Law in support of their Preliminary Objections to Plaintiff's Complaint. The JBH Defendants bring these preliminary objections asserting that (a) Plaintiff's prayers for punitive damages and all allegations that the JBH Defendants engaged in recklessness, "conscious" or "intentional" *mens rea,* or "conscious disregard" should be stricken from the Complaint with prejudice for insufficient specificity and legal insufficiency; (b) Subparagraphs ¶ 31 (u), (aa), (bb) should be stricken from for insufficient

specificity; and (c) Subparagraph 31(z) should be stricken from Plaintiff's Complaint due to its inclusion as scandalous and impertinent matter.

## II. STATEMENT OF THE QUESTIONS INVOLVED

1. Should the Court strike with prejudice Plaintiff's prayers for punitive damages as well as the language describing defendants' conduct as reckless or done with "conscious" or "intentional disregard," which are set forth in Paragraphs and Subparagraphs 21, 21(f), 24, 24(f), 31.21(v)-(z) 22, 24(v)-(z), and 25 of the Complaint for legal insufficiency and insufficient specificity per Pa. R. Civ. P. 1019(a), 1028(a)(3), and 1028(a)(4)?

   ***Suggested Answer:*** **Yes.**

2. Should the Court strike Subparagraphs 31 (u), (aa), (bb), and 31(z) of Plaintiff's Complaint for their failure to comply with Pa. R. Civ. P. 1019(a), 1028(a)(2), 1028(a)(3), and 1028(a)(4)?

   ***Suggested Answer:*** **Yes.**

## III. FACTUAL BACKGROUND

Plaintiff initiated this matter by filing a Complaint on or about November 19, 2025. In the Complaint, Plaintiff alleges:

> On or about March 29, 2025, Plaintiff was operating her vehicle north on Roosevelt Boulevard in Philadelphia, Pennsylvania.
>
> At the same date, place, and time, Defendant Edwards was operating a tractor trailer owned by Defendant JB traveling on Grant Avenue approaching the intersection of Grant Avenue and Roosevelt Boulevard.
>
> Defendant Edwards attempted to turn left on to Grant Avenue and struck the Plaintiff's vehicle causing a collision.
>
> Defendant Edwards failed to observe the Plaintiff causing her to strike the Plaintiff's vehicle.

Plaintiff's Complaint, annexed hereto as Exhibit A, ¶¶ 5-8.[1]

Count I of Plaintiff's Complaint purports to sound in "Negligence/Recklessness" and alleges the same against Defendant Edwards; Count II alleges "Negligence/Recklessness" and vicarious liability against JB Hunt; and Count III alleges "Negligent and/or Reckless Hiring/Supervision/Retention against JB Hunt. Without providing any specific factual basis in support thereof, in pertinent part, Plaintiff alleges that the JBH Defendants conducted themselves with recklessness. *See id.* at ¶¶ 21, 21(f), 24, 24(f), 31. The Complaint also baselessly alleges that the JBH Defendants acted with "conscious" or "intentional" *mens rea,* or "conscious disregard." *See* ¶¶ 21(v)-(z) 22, 24(v)-(z), 25. Plaintiff includes prayers for punitive damages in each of the Complaint's three *ad damnum* clauses. *See id.* Notably, absent from the Complaint is a factual basis to support the above-cited and -quoted allegations of recklessness, heightened *mens rea*, and prayers for punitive damages. *See id., generally.* The Complaint also includes the following generalized, nonspecific, and unsupported allegations: "[v]iolating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles," "[k]nowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles," and "[f]ailing to act upon and remedy known violations of FMCSA regulations." *Id.* ¶ 31 (u), (aa), (bb).

Moreover, Plaintiff includes the impertinent and scandalous allegation that Defendant JB Hunt placed "more emphasis on profits than on the safety of its drivers and the motoring public," which is entirely unsupported and must be stricken. *Id.* ¶ 31(z).

[1] The JBH Defendants deny Plaintiff's allegations of their liability and merely reproduce the Plaintiff's allegations herein so as to demonstrate their legal insufficiency.

## IV. LEGAL ARGUMENT

### A. Standard of Review

Pennsylvania Rule of Civil Procedure 1028 provides, in relevant part:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> […]
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter. . .;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer);

Pa. R.C.P. 1028(a).

In reviewing Preliminary Objections, the Court must consider only facts that are well pleaded, material, relevant and true "together with such reasonable inferences that may be drawn from these facts." *Santiago v. Pennsylvania National Mutual Insurance Company*, 418 Pa. Super. 178, 184, 613 A.2d 1235 (1992). The Court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *See Dorfman v. Pennsylvania Social Services Union-Local 668 of the Service Employees International Union*, 752 A.2d 933 (Pa. Commw. Ct.. 2000); *Turner v. Pennsylvania Board of Probation and Parole*, 749 A.2d 1018 (Pa. Commw. Ct. 2000).

Preliminary objections may be filed on the ground of legal insufficiency of a pleading; such an objection is commonly referred to as a demurrer. A demurrer requires that the Court resolve issues solely on the basis of the pleading with no other evidence being considered. *See Mellon Bank v. Fabinyi*, 650 A.2d 895 (Pa. Super. Ct. 1994). In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and the law will not



Case ID: 251102833
Control No.: 25120750

permit recovery. *See Chichester School District v. Chichester Education Association,* 750 A.2d 400 (Pa. Commw. Ct. 2000), *allocatur denied*, 795 A.2d 980 (Pa. 2000).

**B. <u>PRELIMINARY OBJECTIONS</u>**

**1. <u>Preliminary Objection in the Nature of a Demurrer and Motion to Strike Plaintiff's Prayers for Punitive Damages and All Allegations that the JBH Defendants Engaged in Recklessness, or "Conscious" or "Intentional Disregard" for Insufficient Specificity and Legal Insufficiency per Pa. R. Civ. P. 1028(a)(3) and (4).</u>**

Count I of Plaintiff's Complaint purports to sound in "Negligence/Recklessness" and alleges the same against Defendant Edwards; Count II alleges "Negligence/Recklessness" and vicarious liability against JB Hunt; and Count III alleges "Negligent and/or Reckless Hiring/Supervision/Retention against JB Hunt. Without providing any specific factual basis in support thereof, in pertinent part, Plaintiff alleges that the JBH Defendants conducted themselves with recklessness. *See id.* at ¶¶ 21, 21(f), 24, 24(f), 31. The Complaint also baselessly alleges that the JBH Defendants acted with "conscious" or "intentional" *mens rea,* or "conscious disregard." *See* ¶¶ 21(v)-(z) 22, 24(v)-(z), 25.

Plaintiff's prayers for punitive damages and all allegations that the JBH Defendants engaged in recklessness, "conscious" or "intentional" *mens rea,* or "conscious disregard" should be stricken from the Complaint with prejudice for insufficient specificity and legal insufficiency. Pennsylvania case law and rules establish that where punitive damages are claimed, the complaint must contain specific averments of fact sufficient to support such a claim as well as inform the defense of what to expect at trial. *See* Pa. R. Civ. P. 1028(a)(2) and (3), *supra*. This is because Pennsylvania is a fact pleading jurisdiction. *See Miketic v. Barron,* 675 A.2d 324, 330-31 (Pa. Super. Ct. 1996).

"Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." *Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co.,* 613 A.2d 1235, 1238 (Pa. Super. Ct. 1992). Furthermore, under Rule 1019(a), a plaintiff "must not only apprise the defendant of an asserted claim, but it must also synopsize the essential facts to support the claim." *Miketic,* 675 A.2d at 331. Pennsylvania courts have adopted § 908 of the Restatement (Second) of Torts as the law for punitive damages. Section 908 of the Restatement (Second) of Torts provides:

> (1) Punitive damages are damages....awarded against the person to punish him for his outrageous conduct or to deter him and others like him from similar conduct in the future.
>
> (2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the right of others.

Outrageous conduct has been defined as an act done with either a "bad motive or with a reckless indifference for others." *Woodson v. AMF Leisureland Ctrs., Inc.,* 842 F.2d 699, 703 (1988). Thus, for any consideration of punitive damages, the Complaint must reflect facts that would establish a defendant's behavior as flagrant and grossly deviating from an ordinary standard of care. *See Albright v. Abington Mem'l Hosp.,* 696 A.2d 1159, 1164 (Pa. 1997).

Notably, although the Complaint contains unsupported characterizations of the JBH Defendants' conduct as reckless or in conscious disregard or similar allegations, it is devoid of any factual support for the concept that the JBH Defendants conducted themselves with reckless indifference to the rights of others or with evil motive. *See id., generally.*

The Pennsylvania Supreme Court defines "recklessness" as:

> an act or intentional[] fail[ure] to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk



Case ID: 251102833
Control No.: 25120750

> is substantially greater than that which is necessary to make his conduct negligent.

*Tayar v. Camelback Ski Corp.,* 47 A.3d 1190, 1201 (Pa. 2012) (citation omitted). "Reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." *Id.* (citations omitted). "Recklessness is more than ordinary negligence and more than want of ordinary care; it is an extreme departure from ordinary care, a wanton or heedless indifference to consequences, an indifference whether or not wrong is done, and an indifference to the rights of others." *Id*. (citations omitted).

The Complaint is devoid of any facts, let alone material facts, which would elevate the JBH Defendants' alleged actions or inactions to levels constituting recklessness or conscious disregard of a known risk to warrant claims for punitive damages. The facts alleged against the JBH Defendants simply do not rise to the level of outrageous conduct, bad motive, nor reckless indifference to the rights of others required under all applicable standards and precedent. The Complaint also does not advise the JBH Defendants of the basis for such wild claims so as to prepare defenses under our system of fact pleading, nor does it synopsize the essential facts to support the claim of heightened scienter as required in the case law set forth above. Even taking the allegations of the Complaint and all inferences reasonably deducible therefrom as true, it is patent that there is no predicate for an assessment of punitive damages against the JBH Defendants. *See, generally*, Exhibit A.

No facts are alleged to support the concept that "the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that the defendant acted, or failed to act, in conscious disregard of that risk." *Valentino v. Phila. Triathlon, LLC,* 2016 PA Super 248, 150 A.3d 483, 488 (Pa. Super. Ct. 2016) (granting preliminary objections on punitive damages claims)

(citing *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 983-984 (Pa. Super. Ct. 2005), *aff'd,* 922 A.2d 890 (Pa. 2007)). Moreover, Plaintiff alleges identical boilerplate averments against the JBH Defendants with respect to their alleged conduct. Non-specific, boilerplate and open-end allegations of negligence are objectionable and may be stricken from the complaint to prevent a Defendant from being prejudiced in preparing a defense. *Liquori v. Wind Gap Chiropractic Ctr.*, 75 Pa. D. & C. 4th, 111-112 (C.C.P. North Hampton Cnty. 2005).

Here, the absence of actual support for punitive damages claims vitiates any possibility that the defendants "subjectively appreciated" an alleged risk of harm to which the plaintiffs were exposed. Facts/averments that would exemplify that the JBH Defendants had a subjective appreciation of the risk of harm to which Plaintiff was exposed and that the JBH Defendants acted or failed to act in conscious disregard of that risk are particularly significant and absolutely required in a case where Plaintiff attempts to cast the JBH Defendants as acting in a manner that is reckless, intentional, and/or consciously indifferent. Patently, the Complaint is devoid of any support for the claim of entitlement to an assessment of punitive damages against the JBH Defendants.

As such, the Complaint fails to contain sufficiently specific facts to enable the JBH Defendants to prepare a defense, and its language is violative of the Pennsylvania Rules of Civil Procedure and case law in support thereof pertaining to contents of pleadings. *See Connor v. Allegheny General Hospital,* 461 A.2d 600 (Pa. 1983). There simply is no legal or factual predicate alleged for potential imposition of punitive damages against the JBH Defendants per Pa. R. Civ. P. No. 1028(a)(4) and Pa. R. Civ. P. No. 1028(a)(3). Therefore, the JBH Defendants request that the Court sustain their Preliminary Objection in the nature of a demurrer and strike with prejudice the prayers for punitive damages as to the JBH Defendants contained in the *Wherefore* clauses of



Case ID: 251102833
Control No.: 25120750

the Complaint, as well as the language describing their conduct as reckless or done with "conscious" or "intentional disregard," which are set forth in Paragraphs and Subparagraphs 21, 21(f), 24, 24(f), 31.21(v)-(z) 22, 24(v)-(z), and 25 of the Complaint.

### 2. Preliminary Objection in the Nature of a Motion to Strike Subparagraphs 31 (u), (aa), (bb) for Insufficient Specificity under Pa. R. Civ. P. 1019(a) and 1028(a)(3)

A complaint must give a defendant notice of what plaintiff's claims are, the grounds upon which they rest, and formulate the issues by summarizing the essential facts that support their claim. *See Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. Ct. 2008); Pa. R.C.P. 1019(a). The Complaint also includes the following generalized, nonspecific, and unsupported allegations: "[v]iolating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles," "[k]nowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles," and "[f]ailing to act upon and remedy known violations of FMCSA regulations." *Id.* ¶ 31 (u), (aa), (bb).

Plaintiff provides no information as to which rules, laws, and/or regulations are being referenced in Subparagraphs 31 (u), (aa), and (bb) and were allegedly violated. This is insufficiently specific to place the JBH Defendants on notice of the claims being made against them. Where, as here, a complaint fails to meet the pleading requirement, a preliminary objection on the grounds that the complaint is insufficiently specific is appropriate. *See* Pa. R.C.P. 1028(a)(2) and (3); *Connor v. Allegheny Gen. Hosp.*, 461 A.2d 600, 603 n.3 (Pa. 1983).

A pleading must be sufficiently specific to enable a defendant to prepare his defense. *See Smith v. Wagner*, 588 A.2d 1308, 1310 (Pa. Super Ct. 1991) (citation omitted). In deciding whether averments in a complaint are sufficient, "a court must ensure that the challenged averments present no risk of a future, unexpected amendment to the complaint based upon new facts after the statute

of limitations has run." *Kapacs v. Martin*, 81 Pa. D. & C. 4th 509, 516 (C.C.P. Lackawanna Cnty. 2006) (citing *Connor, supra*.). Non-specific, boilerplate and open-end allegations of negligence are objectionable and may be stricken from the complaint to prevent a Defendant from being prejudice in preparing a defense. *See Liquori v. Wind Gap Chiropractic Ctr.*, 75 Pa. D. & C. 4th, 111-112 (C.C.P. North Hampton Cnty. 2005).

Additionally, Pennsylvania courts have held that allegations that a statute has been violated without specification of which provisions have been violated, are "prejudicial without clarity and specification." *Green v. Klein*, 16 Pa. D. & C. 5th 144, 153 (C.C.P. Monroe Cnty. 2010); *Graham v. Campo*, 990 A.2d 9, 14 (Pa. Super. Ct. 2010). These averments in Subparagraphs 31(u), (aa), and (bb) fail to comply with the requirements of Pa. R. Civ. P. 1019(a) and 1028(a)(3), in that Plaintiff has failed to state with sufficient specificity the material facts on which these claims and allegations of general negligence are based in a concise and summary form. Here, Plaintiff has failed to identify the specific parts, sections and/or rules of the transportation law, state and federal, with which the JBH Defendants purportedly failed to comply. Instead, Plaintiff's averments are impermissibly vague, indefinite, and lack the specificity required that would enable the JBH Defendants to prepare a defense. Such language in Plaintiff's Complaint violates the Pennsylvania Rules of Civil Procedure, and case law in support thereof, pertaining to contents of pleadings. *See Connor, supra*. Accordingly, Subparagraphs 31(u), (aa), and (bb) must be stricken with prejudice.

### 3. Preliminary Objection in the Nature of a Motion to Strike Subparagraph 31(z) for Scandalous and Impertinent Matter Pursuant to Pa. R. Civ. P. 1028(a)(2)

As noted above, Plaintiff includes the impertinent and scandalous allegation that Defendant JB Hunt placed "more emphasis on profits than on the safety of its drivers and the motoring public," which is entirely unsupported and must be stricken. *Id.* ¶ 31(z). Pa. R. Civ. P. 1028(a)(2)

provides that a preliminary objection is proper if a pleading includes scandalous or impertinent matter or if it fails to conform to law or rule of court.

Pennsylvania Courts have defined "pertinent" and "scandalous" matters as "allegations… immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commw. 1998) (citing *Commonwealth, Dept. of Environmental Resources v. Peggs Run Coal Co.*, 423 A.2d 765 (Pa. Commw. Ct. 1980)). See also, *Nading v. Boice*, 61 Pa. D. & C.4th 353, 360 (Pa.Com.Pl. 2003).

If the allegation is wholly irrelevant to the action and is without any influence in leading to the results of the judicial inquiry, said allegation will be deemed impertinent. *See Jefferies v. Hoffman*, 207 A.2d 774 (Pa. 1965). Subparagraph 31(z) is wholly irrelevant to the action, and Plaintiff's inclusion of same in their Complaint serves no proper pleading purpose other than to cause prejudice to the defendants before the Court. The subparagraph's inclusion is unnecessary, immaterial, and serves no proper pleading requirement under the Pennsylvania Rules and, as such, must be stricken with prejudice from Plaintiff's Complaint.

## V. RELIEF REQUESTED

For all the foregoing reasons, Defendants JB Hunt Transport, Inc. and Marcia Edwards respectfully urge the Court to sustain these preliminary objections to the Complaint and enter the accompanying proposed Order.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI LLP**

By: /s/ Zachary J. Ballard

Zachary J. Ballard, Esq.
Jared T. Hay, Esq.
Attorneys for Defendants
JB Hunt Transport, Inc. and Marcia Edwards

Dated: December 2, 2025

**CERTIFICATE OF SERVICE**

I, Jared T. Hay, Esq., hereby certify that on this day I caused a true and correct copy of the foregoing Preliminary Objections to Plaintiff's Complaint be filed with the Court's electronic filing system and served on the following counsel of record via the Court's electronic filing system:

Travis J. Savoia, Esq.
Morgan & Morgan Philadelphia, PLLC
2005 Market Street
Suite 350
Philadelphia, PA 19103
**Attorneys for Plaintiff**

**SALMON, RICCHEZZA, SINGER & TURCHI, LLP**

By: /s/ Jared T. Hay
Jared T. Hay, Esquire

Dated: December 2, 2025

# EXHIBIT "A"

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street.
Suite 300
Philadelphia, PA 19103
P: (267) 780-2232
F: (267) 780) 2948
www.forthepeople.com

**Travis J. Savoia**
**ID# 309680**
tsavoia@forthepeople.com

Filed and Attested by the
Office of Judicial Records
19 NOV 2025 03:12 pm
L. BREWINGTON

| | |
|---|---|
| **LORRAINE FERENCE**<br>**84 QUINCE CIRCLE**<br>**NEWTON, PA 18940**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br>**107 MISTY HILL DRIVE**<br>**DELTA, PA 17314**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br>**92200 EAST 146th Street**<br>**NOBLESVILLE, IN 46060**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>**____________ TERM, 2025**<br><br>**No.: __________________**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED** |
| NOTICE<br><br>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | AVISO<br><br>Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.<br><br>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107 |

| | |
|---|---|
| | Telefono: (215) 238-1701 |

**CIVIL ACTION COMPLAINT**

Plaintiff, Lorraine Ference, by and through her undersigned counsel and the law firm Morgan & Morgan, assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

**PARTIES**

1. Plaintiff, Lorraine Ference (hereinafter "Plaintiff"), is an adult individual who resides at 84 Quince Circle, Newton, PA 18940.

2. Defendant, Marcia Edwards (hereinafter "Defendant Edwards"), is an adult individual who resides at 107 Misty Hill Drive, Delta, PA 17314, who at all relevant times, was the agent, servant, workman and/or employee of JB Hunt Transport Inc. and was acting in the course and scope of his employment.

3. Defendant JB Hunt Transport Inc., (hereinafter "Defendant JB"), is a corporation with a principal place of business located at 9200 East 146th Street, Noblesville, Indiana 46060.

4. At all relevant times, Defendant JB regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania.

**FACTUAL BACKGROUND**

5. On or about March 29, 2025, Plaintiff was operating her vehicle vehicle north on Roosevelt Boulevard in Philadelphia, Pennsylvania.

6. At the same date, place, and time, Defendant Edwards was operating a tractor trailer owned by Defendant JB travelling traveling on Grant Avenue approaching the intersection of Grant Avenue and Roosevelt Boulevard.

7. Defendant Edwards attempted to turn left on to Grant Avenue and struck the Plaintiff's vehicle causing a collision.

8. Defendant Edwards failed to observe the Plaintiff causing her to strike the Plaintiff's vehicle.

9. Defendant Edwards did so carelessly and negligently operate his tractor trailer at an excessive rate of speed for the conditions resulting in excessive property damage to Plaintiff's vehicle and causing serious and permanent injuries to the Plaintiff.

10. As a direct and proximate result of the negligence and/or carelessness of Defendants, Plaintiff sustained the following injuries:

   a. Cervical disc herniation;

   b. Cervical radiculopathy;

   c. Lumbar disc herination;

   d. Lumbar Radiculopathy;

   e. Neuralgia;

   f. Neuritis;

   g. Muscle Spasms;

   h. Nerve Damage;

11. As a result of the aforesaid injuries the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

12. Plaintiff continues to require treatment for such injuries.

13. All of the treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

14. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period into the future.

15. As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period into the future.

16. As a result of the aforesaid injuries, the Plaintiff have suffered disruptions to their daily life as well as constant pain.

17. As a result of the aforesaid injuries, the Plaintiff have been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

18. As a result of the aforesaid injuries, the Plaintiff sustained lost wages and impairment of their earning capacity / potential.

19. This crash was in no way caused or contributed to by the actions of Plaintiff. Responsibility for all damages, materially and physically, lay solely on the actions of the aforementioned Defendants.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**LORRAINE FERENCE v. MARCIA EDWARDS**

20. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

21. The negligence, carelessness and/or recklessness of the Defendant Edwards, individually and as the agent, servant, worker and /or employee of Defendant JB consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB Hunt Transport Inc.;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

22. Defendant knew a danger exists and intentionally failed to act in conscious disregard of the likelihood of harm to others.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant Marcia Edwards in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**LORRAINE FERENCE v. JB HUNT TRANSPORT INC., as being vicariously liable for MARCIA EDWARDS**

23. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

24. The negligence, carelessness, and/or recklessness of Defendant JB as being vicariously liable for the actions of Defendant Driver Edwards consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

25. Defendant knew a danger exists and intentionally failed to act in conscious disregard of the likelihood of harm to others.

26. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant JB as being vicariously liable for Marcia Edwards in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**LORRAINE FERENCE v. JB HUNT TRANSPORT INC.**

27. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

28. At all times relevant hereto, Defendant JB employed and was responsible for supervising and training the Defendant Edwards.

29. Defendants had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

30. The Plaintiffs were injured as a result of an incident related to the Defendant

Edwards's driving, more specifically, the Defendant's unsafe driving.

31. The negligence, carelessness and/or recklessness of the Defendant JB, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Edwards, consisted of, but is not limited to the following:

a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant Edwards;

b. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

c. Hiring and/or continuing to employ the Defendant Edwards despite the fact that he had a propensity for driving violations;

d. Hiring and/or continuing to employ the Defendant Edwards despite the fact that that he had a propensity for speeding;

e. Hiring and/or continuing to employ the Defendant Edwards despite his previous driving record;

f. Failing to have an appropriate disciplinary policy within the company;

g. Hiring and/or continuing to employ the Defendant Edwards despite his previous violations for driving under the influence.

h. Hiring and/or continuing to employ the Defendant Edwards despite his previous positive tests for driving under the influence.

i. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

j. Permitting the Defendant Edwards to operate a Tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k. Failing to train and/or properly train the Defendant Edwards prior to allowing him to operate its Tractor trailer;

l. Allowing the Defendant Edwards to operate a Tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m. Failing to adopt appropriate employee manuals and/or training procedures;

n. Failed to adopt an appropriate drug and alcohol testing program.

o. Failing to enforce both the written and unwritten policies of his employers;

p. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of employers;

q. Failing to implement and/or enforce an effective safety system;

r. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v. Failing to monitor and/or regulate its drivers' actions;

w. Failing to monitor and/or regulate speed at which the drivers drove;

x. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

y. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

aa. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

bb. Failing to act upon and remedy known violations of FMCSA regulations.

32. As a result of the above-stated acts and omissions, the Plaintiffs suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant JB in an

amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ________________________________
Travis J. Savoia, ESQUIRE
*Counsel for the Plaintiff, Lorraine Ference*

Date: November 19, 2025

**VERIFICATION**

I, Lorraine Ference, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 11/19/2025 | 2:35 PM EST

Lorraine Ference

Lorraine Ference

# EXHIBIT "E"

FILED
22 DEC 2025 12:15 pm
Civil Administration
A. MALONIS

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street
Suite 350
Philadelphia, PA 19103
P:(267) 780-2232
F:(267) 780-2948
www.forthepeople.com

**Travis Savoia, Esq.**
ID# 309680
tsavoia@forthepeople.com

Attorney for Plaintiff

---

| | |
|---|---|
| **LORRAINE FERENCE**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**CIVIL DIVISION**<br><br>**NO. 02833** |

---

**PLAINTIFF'S RESPONSES TO DEFENDANT'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

Plaintiff, Lorraine Ference, submits the following responses to Marcia Edwards' and JB Hunt Transport Inc.'s Preliminary Objections to Plaintiff's Complaint.

1) It is admitted that the Plaintiff filed their Complaint on November 19, 2025.
2) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself.
3) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself
4) Denied. It is explicitly denied that Plaintiff did not plead specifically what conduct by Defendants constituted recklessness.

5) Denied. It is explicitly denied that Plaintiff did not plead specifically what conduct by Defendants constituted conscious or intentional disregard.

6) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself.

7) Denied. It is explicitly denied that Plaintiff did not provide factual support of claims for recklessness, punitive damages and *mens rea* of conscious or intentional disregard.

8) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself.

9) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. It is explicitly denied that Plaintiff included impertinent and scandalous allegations, as its allegations speak directly to Defendant JB Hunt Transport Inc.'s recklessness.

10) Denied. It is explicitly denied that a) Plaintiff's allegations of recklessness and claims for punitive damage are not supported by the Complaint, b) Plaintiff has insufficiently pled Subparagraphs ¶ 31 (u), (aa), (bb), and (c) Plaintiff has included a scandalous and impertinent matter.

11) No response required.

12) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

13) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

14) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

15) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

16) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

17) No response required.

18) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself.

19) Denied. It is explicitly denied that Plaintiff did not plead specifically what Defendant conduct constituted recklessness.

20) Denied. It is explicitly denied that Plaintiff did not provide factual support of claims for recklessness, punitive damages and *mens rea* of conscious or intentional disregard.

21) Denied. It is explicitly denied that Plaintiff did not plead claims for recklessness, punitive damages, and *mens rea* of conscious or intentional disregard with sufficient specificity.

22) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

23) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

24) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

25) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

26) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

27) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

28) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

29) Denied. It is explicitly denied that Plaintiff did not plead specifically what Defendant conduct constituted recklessness.

30) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

31) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

32) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

33) Denied. It is explicitly denied that Plaintiff did not plead specifically what Defendant conduct constituted recklessness.

34) Denied. Plaintiff's Complaint details JB Hunt Transport Inc.'s recklessness in *knowingly* violating state laws, failing to monitor/regulate its drivers' actions, failing to implement/enforce an effective safety system, hiring/continuing to employ Defendant Edwards despite her having a poor driving record and a propensity for speeding, and so on. **Exhibit "A"** at **¶¶24-32.**

35) Denied**.** It is specifically denied that Plaintiff's Complaint did not advise Defendant JB Hunt Transport Inc. of the facts that support the claims it will need to defend against.

36) Denied. It is specifically denied that the facts in Plaintiff's Complaint do not predicate an assessment of punitive damages.

37) Denied. Plaintiff's Complaint alleges facts that detail willful violations of the law by Defendant JB Hunt Transport Inc. Despite its knowledge that its conduct "create[d] a high risk of physical harm to another" it proceeded to act in conscious disregard to that risk. *Focht*, 217 Pa. Super. 35.

38) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself.

39) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

40) Denied. It is explicitly denied that Plaintiff did not plead claims for recklessness, punitive damages, and *mens rea* of conscious or intentional disregard with sufficient specificity.

41) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

42) Denied. It is explicitly denied that Plaintiff did not plead claims for recklessness, punitive damages, and *mens rea* of conscious or intentional disregard with sufficient specificity.

43) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

44) Denied. It is explicitly denied that Plaintiff did not plead claims for recklessness, punitive damages, and *mens rea* of conscious or intentional disregard with sufficient specificity.

45) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

46) No response required.

47) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

48) It is admitted that the Plaintiff filed their Complaint on November 19, 20205. By way of further response, Plaintiff's Complaint is a document the contents of which speak for itself.

49) Denied. Plaintiff's Complaint details JB Hunt Transport Inc.'s recklessness in *knowingly* violating state laws like failing to monitor/regulate its drivers' actions, failing to implement/enforce an effective safety system, hiring/continuing to employ Defendant Edwards despite her having a poor driving record and a propensity for speeding, and so on. **Exhibit "A"**at **¶¶24-32.**

50) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

51) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

52) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

53) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

54) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

55) Denied. Plaintiff complaint details at length the allegation against the Defendant.

56) Denied. Plaintiff's Complaint details JB Hunt Transport Inc.'s recklessness in *knowingly* violating state laws like failing to monitor/regulate its drivers' actions, failing to implement/enforce an effective safety system, hiring/continuing to employ Defendant Edwards despite her having a poor driving record and a propensity for speeding, and so on. **Exhibit "A"** at **¶¶24-32.**

57) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

58) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

59) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

60) No response required.

61) Denied. It is explicitly denied that Plaintiff included impertinent and scandalous allegations, as its allegations speak directly to Defendant JB Hunt Transport Inc.'s recklessness.

62) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

63) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

64) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

65) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

66) Denied. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

For the foregoing reasons, Plaintiff respectfully requests that the court overrule Defendant's preliminary objections to Plaintiff's Complaint.

Respectfully submitted:

Travis Savoia, Esq.
Morgan & Morgan Philadelphia PLLC
Attorney I.D. 309680
2005 Market Street, Suite 350
Philadelphia, PA 19103
tsavoia@forthepeople.com

| | |
|---|---|
| **LORRAINE FERENCE**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**CIVIL DIVISION**<br><br>**NO. 02833** |

**ORDER**

And now this ________ day of ______, 2025, upon consideration of Defendant, Marcia Edwards and JB Hunt Transport Inc.'s Preliminary Objections to Plaintiff's Complaint, and Plaintiff's response thereto, it is hereby ORDERED and DECREED that Defendant's Preliminary Objections are OVERRULED.

BY THE COURT:

______________________________

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street
Suite 350
Philadelphia, PA 19103
P:(267) 780-2232
F:(267) 780-2948
www.forthepeople.com

**Travis Savoia, Esq.**
ID# 309680
tsavoia@forthepeople.com

Attorney for Plaintiff

| | |
|---|---|
| **LORRAINE FERENCE**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**CIVIL DIVISION**<br><br>**NO. 02833** |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

Plaintiff, Lorraine Ference, submits this Brief in Support of her response to Defendants' Preliminary Objections to Plaintiff's Complaint.

## I. FACTUAL AND PROCEDURAL HISTORY

This action arises from a motor vehicle collision that occurred on March 29, 2025. On that date, Plaintiff was operating her vehicle north on Roosevelt Boulevard in Philadelphia, when Defendant Edwards, while operating a tractor trailer, attempted to turn left on Grant Avenue and struck Plaintiff's vehicle, causing a collision and seriously injuring Plaintiff.

On November 19, 2025, Plaintiff filed a Civil Action Complaint against the above Defendants in the Philadelphia County Court of Common Pleas. *See* a true and correct copy of Plaintiff's Complaint, attached hereto as **Exhibit "A"**.

Defendants filed the instant preliminary objections on December 2, 2025, to which Plaintiff now responds.

## II. QUESTIONS PRESENTED

1. *Whether this Court should OVERRULE Defendants' Preliminary Objection as to punitive damages where Plaintiff has alleged a plausible claim for punitive damages against Defendants and has adequately and specifically pled allegations/claims of recklessness against Defendants.*

   **Suggested Answer: Yes.**

2. *Whether this court should OVERRULE Defendants' Preliminary Objection as to insufficient pleadings of law violations in Subparagraphs ¶ 31 (u), (aa), (bb), and (c) where Plaintiff included factual allegations of such violations with sufficient specificity within other subparagraphs and the court must view the Complaint as a whole.*

   **Suggested Answer: Yes.**

3. *Whether this court should OVERRULE Defendants' Preliminary Objection as to scandalous or impertinent matters in Subparagraph ¶ 31 (z) where Plaintiff's allegations are not scandalous nor impertinent and support a claim for recklessness.*

   **Suggested Answer: Yes.**

## III. LEGAL ARGUMENT

### a. <u>Standard of Review</u>

A demurrer should be sustained only when it is clear on the face of the Complaint that the law will not provide the recovery sought. *Morgan v. McPhail*, 449 Pa. Super. 71, 672 A.2d 1359 (1996); *Zazzera v. Roche*, 54 Pa. D & C 4th 225, 230 (Lacka. Cty. 2001)(*citing*: *Romeo v.*

*Pittsburgh_Associates*, 787 A.2d 1027, 1030 (Pa. Super. 2001); *Oven v. Pascucci*, 46 Pa. D & C 4th 506, 511 (Lacka. Cty. 2000)); *See also*: *Feingold v. Hendrzak*, 2011 WL 590294 at *2 (Pa. Super. 2011) and *Foster v. UPMC South Side Hospital*, 2 A.3d 655,662 (Pa. Super. 2010), app. denied, 12 A.3d 371 (Pa. 2010); *See also*: *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania*, 7 A.3d 278, 283 (Pa. Super. 2010).

When ruling on Preliminary Objections, the Court must accept as true all well-pled allegations set forth in the Complaint and all inferences reasonably deduced therefrom. *Id*. (internal citations omitted). *See also*: *Haun v. Community Health Systems*, 2011 WL 166324 at *3 (Pa. Super. 2011). In determining whether a complaint is sufficiently specific, all the averments must be considered as a whole. *Hock v. L.B. Smith, Inc.,* 69 D.&C. 2d 420, 423 (1974). Preliminary objections may *only* be granted in cases that are clear and free from doubt, and to be clear and free from doubt, it must appear with certainty that the law will not permit recovery by the Plaintiff upon the facts averred. *Zazzera*, 54 Pa D & C 4th at 230; *Feingold supra*; *Foster supra*. *See also*: *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania*, 7 A.3d 278, 283 (Pa. Super. 2010). If there is any doubt as to whether Preliminary Objections should be granted, it must be resolved in favor of overruling the objection. *Zazzera*, *supra*; *Feingold supra*. *See also*: *Atkinson v. Evans*, 787 A.2d 1033, 1034 (Pa. Super. 2001).

Further, the Commonwealth of Pennsylvania is a fact pleading state whereby the Complaint must provide the Defendant notice of the basis of the claim as well as a summary of the facts essential to support that claim. *Latniak v. VanKoch*, 70 Pa. D. & C. 4th 489 (Lacka. Cty. 2004) (*citing*: *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349 (Pa. Super. 1983). Preliminary Objections in the form of motions to strike items in a complaint per *Pa.R.C.P. 1028(a)(3)* can be for lack of specificity of pleading pursuant to *Pa.R.C.P. 1019(a)*. *Latniak*, *supra*

at 494-495. These Rules require that all the material facts on which a cause of action or defense is based shall be stated in a concise and summary form. *Id*. (*citing*: *Pa.R.C.P. 1019(a)*; *Yacoub v. Lehigh Medical Associates P.C.*, 805 A.2d 579 (Pa. Super. 2002)).

The Superior Court of Pennsylvania has found that the question presented by *Pa.R.C.P. 1028(a)(3)* is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense or [if it] informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Latniak*, *supra* at 494-495 (*citing*: *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002); *Ammlung v. Platt*, 302 A.2d 491, 498 (Pa. Super. 1973) (internal quotations omitted). In order to determine if a paragraph contains the appropriate specificity, the court looks not only to the particular paragraph at issue, but also to that paragraph in the context of the other allegations in the complaint. *Yacoub*, *supra* at 588.

The trial court has broad discretion in determining the amount of detail that must be pled, which is not something capable of precise measurement. *Latniak*, *supra* at 494-495 (*citing*: *Pike County Hotels Corp. v. Kiefer*, 396 A.2d 677 (Pa. Super. 1978). Moreover, it is not necessary to plead evidence which can be developed through discovery. *Latniak*, *supra* at 494-495 (*citing*: *Local No. 163, International Union U.B.F.C.S.D. & D.W. v. Watkins*, 207 A.2d 776 (Pa. 1965)).

**i. <u>Plaintiff's Claim for Punitive Damages and Claims of Recklessness are Appropriate and Should Not be Stricken from Plaintiff's Complaint.</u>**

Plaintiff has sufficiently pled reckless conduct by the Defendants and consequently a claim for punitive damages. Punitive damages are those "awarded against the person to punish him for his outrageous conduct or to deter him and others like him from similar conduct in the future" according to § 908 of the Restatement (Second) of Torts, which has been adopted by Pennsylvania courts. "Punitive damages may be awarded for conduct that is outrageous, because

of the defendant's evil motive or his reckless indifference to the right of others." *Id*. Conduct may be considered outrageous if it is done with either a "bad motive or with a reckless indifference for others." *Woodson v. AMF Leisureland Ctrs., Inc.,* 842 F.2d 699,703 (1988).

In defining recklessness, the Courts of this Commonwealth have held that it is sufficient if an actor knows or has reason to know of facts which create a high risk of physical harm to another and deliberately proceeds to act, or fails to act, in conscious disregard of that risk. *Focht*, 217 Pa. Super. 35; *Medvecz v. Choi*, 569 F.2d 1221, 1227 (3rd Cir. 1977). In fact, comment *(d) of §908* states that "[i]f the actor's conduct involves a serious risk of harm to those within the range of its effect, the fact that the actor knows or has reason to know that others are within such range is conclusive of his recklessness towards them." *Restatement (Second) of Torts §908*; *Evans v. Phila Transport Co.*, 212 A.2d 440, 444 (Pa. 1965).

The Pennsylvania Supreme Court has recognized that it is not necessary for the defendant to have actual knowledge of the other person's peril to constitute recklessness. *Fugaglia v. Camasi*, 229 A.2d 735, 736 (Pa. 1967). Rather, recklessness is established when the defendant has knowledge of sufficient facts to cause a reasonable person/entity to realize the existing danger for a sufficient period of time to give him/her/it a reasonable opportunity to avoid the danger and, despite this knowledge, he/she/it recklessly ignores the other person's peril. *Id*.; *Wilson v. Pennsylvania Railroad Co.*, 219 A.2d 666, 672 (Pa. 1966); *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. 1980).

Further, the Pennsylvania Rules of Civil Procedure provide that "[m]alice, intent, knowledge, and other conditions of the mind may be averred generally*." Pa. R. C. P. 1019(b)*; *See also*: *Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. Ct. 2009) (*citing*: *W. Page Keeton Et Al., Prosser and Keeton on Torts § 34* (5th ed. 1984)). The Court in *Archibald* determined that

wanton conduct may be averred generally. *Archibald*, 971 A.2d at 519. Hence, [b]ecause recklessness is also known as 'wanton and willful misconduct,' 'recklessness' is a condition of the mind that may be averred generally." *Id*.

In this case, Plaintiff's Complaint alleges reckless behavior by Defendants that would make punitive damages appropriate. Plaintiff alleges Defendant Edwards violated 75 Pa.C.S. 3714 (Careless Driving). *See* **Exhibit A ¶21(b).** Plaintiff sufficiently details Defendant's reckless and outrageous conduct as follows:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor

Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB Hunt Transport Inc.;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

*See* **Exhibit A ¶21**.

Plaintiff alleges that Defendant Edwards *consciously* chose to drive above the speed limit, in a commercial area, during rush hour traffic, despite knowing the increased risk to the safety of others. *Id.* These road conditions, coupled with the fact that Defendant Driver was operating a tractor trailer are precisely the kind of "sufficient facts to cause a reasonable person/entity to realize the existing danger for a sufficient period of time to give him/her/it a reasonable opportunity to avoid the danger" that when ignored amount to recklessness. *Fugaglia* 229 A.2d 735, 736. Defendant's careless operation of her vehicle was avoidable, yet she willfully disregarded the risk to others and struck Plaintiff's vehicle causing her severe injuries. *See* **Exhibit "A"**, generally; *Archibald*, 971 A.2d at 519.

Plaintiff also sufficiently pled recklessness on the part of JB Hunt Transport Inc., first through a theory of vicarious liability and second through its own actions and/or inactions. *Id* at **¶¶24-32.** Plaintiff's Complaint details JB Hunt Transport Inc.'s recklessness in *knowingly* violating state laws, failing to monitor/regulate its drivers' actions, failing to implement/enforce an effective safety system, hiring/continuing to employ Defendant Edwards despite her having a poor driving record and a propensity for speeding, and so on. *Id.* Plaintiff's allegations are clearly detailed and demonstrate that both Defendants were reckless and should be subject to punitive damages. Both defendants were aware of facts that "create[d] a high risk of physical harm to another" and both proceeded to act in conscious disregard to that risk. *Focht*, 217 Pa. Super. 35

**ii. <u>Plaintiff's claims in Subparagraphs 31 (u), (aa), and (bb) were pled with sufficient specificity in the context of the entire Complaint.</u>**

Plaintiff's allegations at **Exhibit "A"** Subparagraph 31 (u), (aa), and (bb) were pled with sufficient specificity in the context of the entire Complaint. Each Subparagraph section is a concise synopsis of the kind of violations and wrongdoing carried out by Defendant JB Hunt

Transport Inc. Though Defendants argue that these sections of the complaint aren't specific, all the averments must be considered "as a whole." *Hunt,* 69 D.&C. 2d 420, 423. Plaintiff's Complaint spells out violations of the laws mentioned in the Subparagraph sections before and after them. For example, Plaintiff specifically alleges the following outrageous conduct by Defendant JB Hunt Transport Inc.:

> a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant Edwards;
>
> b. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;
>
> c. Hiring and/or continuing to employ the Defendant Edwards despite the fact that he had a propensity for driving violations;
>
> d. Hiring and/or continuing to employ the Defendant Edwards despite the fact that that he had a propensity for speeding;
>
> e. Hiring and/or continuing to employ the Defendant Edwards despite his previous driving record;
>
> f. Failing to have an appropriate disciplinary policy within the company;
>
> g. Hiring and/or continuing to employ the Defendant Edwards despite his previous violations for driving under the influence.
>
> h. Hiring and/or continuing to employ the Defendant Edwards despite his previous positive tests for driving under the influence.
>
> i. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;
>
> j. Permitting the Defendant Edwards to operate a Tractor trailer when it knew or should have known that he was not properly qualified and/or trained;
>
> k. Failing to train and/or properly train the Defendant Edwards prior to allowing

him to operate its Tractor trailer;

l. Allowing the Defendant Edwards to operate a Tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m. Failing to adopt appropriate employee manuals and/or training procedures;

n. Failed to adopt an appropriate drug and alcohol testing program.

o. Failing to enforce both the written and unwritten policies of his employers;

p. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of employers;

q. Failing to implement and/or enforce an effective safety system;

r. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v. Failing to monitor and/or regulate its drivers' actions;

w. Failing to monitor and/or regulate speed at which the drivers drove;

x. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

y. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

aa. Knowingly violating federal and state law regarding the responsibilities of

motor carriers and the operation of commercial vehicles; and

bb. Failing to act upon and remedy known violations of FMCSA regulations.

**Exhibit "A" ¶31.**

These specific violations of laws and regulations are mentioned before and after the Subparagraph in question**.** Pleadings should be concise and in a summary form. *Latniak*, *supra* at 494-495. The Subparagraphs that Defendants would have stricken are just that, and in the context of the whole Complaint, Plaintiff's claims provide Defendants with more than enough *specific facts* to put them on notice for what kind of allegations they will need to defend. *Id.*

**iii. Plaintiff's Subparagraph 31(z) is not scandalous or impertinent and supports a claim for recklessness against the Defendant JB Hunt Transport, Inc..**

Plaintiff's Complaint alleges that Defendant JB Hunt Transport Inc. placed "more emphasis on profits than on the safety of its drivers and the motoring public." **Exhibit "A" ¶31 (z).** This claim is not scandalous and impertinent or "immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commw. 1998), citing *Commonwealth, Dept. of Environmental Resources v. Peggs Run Coal Co.*, 55 Pa. Commw. 312, 423 A.2d 765 (1980). See also, *Nading v. Boice*, 61 Pa. D. & C.4th 353, 360 (Pa.Com.Pl. 2003).

In fact, this claim speaks directly to the allegations of recklessness against Defendant JB Hunt Transport Inc., as it highlights a willful and wanton inaction on the part of Defendants in prioritizing safety, which is its duty to other motorists, like the Plaintiff. Based on the Complaint *as a whole*, it can be reasonably deduced that Defendant JB Hunt Transport Inc. makes profit by having drivers like Defendant Edwards operate its vehicles, even if they have poor driving records and a propensity for speeding. Additional evidence in support of this claim that is not

alleged in Plaintiff's Complaint can be fleshed out through discovery and the court has broad discretion to allow this. *Latniak*, *supra* at 494-495 (*citing*: *Local No. 163, International Union U.B.F.C.S.D. & D.W. v. Watkins*, 207 A.2d 776 (Pa. 1965), *Pike County Hotels Corp. v. Kiefer*, 396 A.2d 677 (Pa. Super. 1978)).

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule the Preliminary Objections brought by Defendants Edwards and JB Hunt Transport Inc. and issue an order overruling said Preliminary Objections.

Respectfully submitted:

Travis Savoia, Esq.
Morgan & Morgan Philadelphia PLLC
Attorney I.D. 309680
2005 Market Street, Suite 350
Philadelphia, PA 19103
tsavoia@forthepeople.com

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street
Suite 350
Philadelphia, PA 19103
P:(267) 780-2232
F:(267) 780-2948
www.forthepeople.com

**Travis Savoia, Esq.**
ID# 309680
tsavoia@forthepeople.com

Attorney for Plaintiff

| | |
|---|---|
| **LORRAINE FERENCE**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**CIVIL DIVISION**<br><br>**NO. 02833** |

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted:

Travis Savoia, Esq.
Morgan & Morgan Philadelphia PLLC
Attorney I.D. 309680
2005 Market Street, Suite 350
Philadelphia, PA 19103
tsavoia@forthepeople.com

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street
Suite 350
Philadelphia, PA 19103
P:(267) 780-2232
F:(267) 780-2948
www.forthepeople.com

**Travis Savoia, Esq.**
ID# 309680
tsavoia@forthepeople.com

Attorney for Plaintiff

| | |
|---|---|
| **LORRAINE FERENCE**<br>**Plaintiff,**<br>**v.**<br>**MARCIA EDWARDS**<br>**And**<br>**JB HUNT TRANSPORT INC.**<br>**Defendants.** | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br>**NO. 02833** |

**CERTIFICATE OF SERVICE**

I, Travis Savoia, Esquire, hereby certify that on 12/22/2025, I served a true and correct copy of Plaintiff's Response to Defendants Marcia Edwards and JB Hunt Transport Inc.'s Preliminary Objections and Brief in Support of Plaintiff's Response to Defendants' Preliminary Objections, Certificates of Compliance and Service, upon the following:

Salmon, Ricchezza, Singer & Turch, LLP.
Zachary J. Ballard, Esq.
Jared T. Hay, Esq.
1601 Market Street, Suite 2500
Philadelphia, PA 19103
zballard@srstlaw.com
jhay@srstlaw.com

Respectfully submitted:

Travis Savoia, Esq.
Morgan & Morgan Philadelphia PLLC
Attorney I.D. 309680
2005 Market Street, Suite 350
Philadelphia, PA 19103
tsavoia@forthepeople.com

# Exhibit "A"

**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street.
Suite 300
Philadelphia, PA 19103
P: (267) 780-2232
F: (267) 780) 2948
www.forthepeople.com

**Travis J. Savoia**
**ID# 309680**
tsavoia@forthepeople.com

Filed and Attested by the Office of Judicial Records 19 NOV 2025 03:12 pm L. BREWINGTON

| | |
|---|---|
| **LORRAINE FERENCE**<br>**84 QUINCE CIRCLE**<br>**NEWTON, PA 18940**<br><br>**Plaintiff,**<br>**v.**<br><br>**MARCIA EDWARDS**<br>**107 MISTY HILL DRIVE**<br>**DELTA, PA 17314**<br><br>**And**<br><br>**JB HUNT TRANSPORT INC.**<br>**92200 EAST 146th Street**<br>**NOBLESVILLE, IN 46060**<br><br>**Defendants.** | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION**<br><br>**_____________ TERM, 2025**<br><br>**No.: ___________________**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED** |

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.<br><br>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107 |

| | |
|---|---|
| | Telefono: (215) 238-1701 |

## CIVIL ACTION COMPLAINT

Plaintiff, Lorraine Ference, by and through her undersigned counsel and the law firm Morgan & Morgan, assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Lorraine Ference (hereinafter "Plaintiff"), is an adult individual who resides at 84 Quince Circle, Newton, PA 18940.

2. Defendant, Marcia Edwards (hereinafter "Defendant Edwards"), is an adult individual who resides at 107 Misty Hill Drive, Delta, PA 17314, who at all relevant times, was the agent, servant, workman and/or employee of JB Hunt Transport Inc. and was acting in the course and scope of his employment.

3. Defendant JB Hunt Transport Inc., (hereinafter "Defendant JB"), is a corporation with a principal place of business located at 9200 East 146th Street, Noblesville, Indiana 46060.

4. At all relevant times, Defendant JB regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania.

## FACTUAL BACKGROUND

5. On or about March 29, 2025, Plaintiff was operating her vehicle vehicle north on Roosevelt Boulevard in Philadelphia, Pennsylvania.

6. At the same date, place, and time, Defendant Edwards was operating a tractor trailer owned by Defendant JB travelling traveling on Grant Avenue approaching the intersection of Grant Avenue and Roosevelt Boulevard.

7. Defendant Edwards attempted to turn left on to Grant Avenue and struck the Plaintiff's vehicle causing a collision.

8. Defendant Edwards failed to observe the Plaintiff causing her to strike the Plaintiff's vehicle.

9. Defendant Edwards did so carelessly and negligently operate his tractor trailer at an excessive rate of speed for the conditions resulting in excessive property damage to Plaintiff's vehicle and causing serious and permanent injuries to the Plaintiff.

10. As a direct and proximate result of the negligence and/or carelessness of Defendants, Plaintiff sustained the following injuries:

a. Cervical disc herniation;

b. Cervical radiculopathy;

c. Lumbar disc herination;

d. Lumbar Radiculopathy;

e. Neuralgia;

f. Neuritis;

g. Muscle Spasms;

h. Nerve Damage;

11. As a result of the aforesaid injuries the Plaintiff sustained physical pain and suffering, all of which have required or will require medical care and treatment.

12. Plaintiff continues to require treatment for such injuries.

13. All of the treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

14. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period into the future.

15. As a result of the aforesaid injuries, the Plaintiff suffered embarrassment and humiliation, and may continue to suffer the same for an indefinite period into the future.

16. As a result of the aforesaid injuries, the Plaintiff have suffered disruptions to their daily life as well as constant pain.

17. As a result of the aforesaid injuries, the Plaintiff have been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

18. As a result of the aforesaid injuries, the Plaintiff sustained lost wages and impairment of their earning capacity / potential.

19. This crash was in no way caused or contributed to by the actions of Plaintiff. Responsibility for all damages, materially and physically, lay solely on the actions of the aforementioned Defendants.

**COUNT I**
**NEGLIGENCE / RECKLESSNESS**
**LORRAINE FERENCE v. MARCIA EDWARDS**

20. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

21. The negligence, carelessness and/or recklessness of the Defendant Edwards, individually and as the agent, servant, worker and /or employee of Defendant JB consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB Hunt Transport Inc.;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

22. Defendant knew a danger exists and intentionally failed to act in conscious disregard of the likelihood of harm to others.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant Marcia Edwards in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**NEGLIGENCE / RECKLESSNESS**
**LORRAINE FERENCE v. JB HUNT TRANSPORT INC., as being vicariously liable for MARCIA EDWARDS**

23. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

24. The negligence, carelessness, and/or recklessness of Defendant JB as being vicariously liable for the actions of Defendant Driver Edwards consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid striking the rear of the Plaintiffs' vehicle;

b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

c. Driving too fast for the conditions;

d. Failing to pay proper attention while operating his tractor trailer;

e. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the striking the rear of the Plaintiff's vehicle;

f. Operating his tractor trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his tractor trailer unit under such control that it could be readily stopped and/or slowed down, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

l. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his tractor trailer;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid overturning and/or rolling over his tractor trailer;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant JB;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Failing to properly inspect his tractor trailer;

u. Causing his tractor trailer to strike the rear of the Plaintiffs' vehicle as a result of driving in excess of the speed limit;

v. Consciously choosing to drive over the speed limit;

w. Consciously choosing to drive at a high rate of speed during rush hour;

x. Consciously choosing to drive at a high rate of speed despite knowing that he was traveling in commercial area;

y. Consciously choosing to drive over the speed limit despite knowing that he was creating an increased risk of crashing and/or striking other vehicles; and

z. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

aa. Following too closely behind the Plaintiffs' vehicle.

25. Defendant knew a danger exists and intentionally failed to act in conscious disregard of the likelihood of harm to others.

26. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from Defendant JB as being vicariously liable for Marcia Edwards in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION**
**LORRAINE FERENCE v. JB HUNT TRANSPORT INC.**

27. Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

28. At all times relevant hereto, Defendant JB employed and was responsible for supervising and training the Defendant Edwards.

29. Defendants had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

30. The Plaintiffs were injured as a result of an incident related to the Defendant

Edwards's driving, more specifically, the Defendant's unsafe driving.

31. The negligence, carelessness and/or recklessness of the Defendant JB, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Edwards, consisted of, but is not limited to the following:

a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant Edwards;

b. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

c. Hiring and/or continuing to employ the Defendant Edwards despite the fact that he had a propensity for driving violations;

d. Hiring and/or continuing to employ the Defendant Edwards despite the fact that that he had a propensity for speeding;

e. Hiring and/or continuing to employ the Defendant Edwards despite his previous driving record;

f. Failing to have an appropriate disciplinary policy within the company;

g. Hiring and/or continuing to employ the Defendant Edwards despite his previous violations for driving under the influence.

h. Hiring and/or continuing to employ the Defendant Edwards despite his previous positive tests for driving under the influence.

i. Hiring and/or continuing to employ the Defendant Edwards despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

j. Permitting the Defendant Edwards to operate a Tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k. Failing to train and/or properly train the Defendant Edwards prior to allowing him to operate its Tractor trailer;

l. Allowing the Defendant Edwards to operate a Tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m. Failing to adopt appropriate employee manuals and/or training procedures;

n. Failed to adopt an appropriate drug and alcohol testing program.

o. Failing to enforce both the written and unwritten policies of his employers;

p. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of employers;

q. Failing to implement and/or enforce an effective safety system;

r. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v. Failing to monitor and/or regulate its drivers' actions;

w. Failing to monitor and/or regulate speed at which the drivers drove;

x. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

y. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

z. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

aa. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

bb. Failing to act upon and remedy known violations of FMCSA regulations.

32. As a result of the above-stated acts and omissions, the Plaintiffs suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiffs hereby seek damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendant JB in an

amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ______________________________

Travis J. Savoia, ESQUIRE
*Counsel for the Plaintiff, Lorraine Ference*

Date: November 19, 2025

**VERIFICATION**

I, Lorraine Ference, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 11/19/2025 | 2:35 PM EST

Lorraine Ference

Lorraine Ference

# EXHIBIT "F"

FILED
13 FEB 2026 11:20 am
Civil Administration
J. WARCHAL

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| LORRAINE FERENCE,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA EDWARDS and<br>JB HUNT TRANSPORT, INC.<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>November 2025 TERM<br><br>No.: 02833<br><br>**CASE MANAGEMENT CONFERENCE MEMO** |

DISCLAIMER:

THIS DOCUMENT IS SOLELY USED FOR CASE MANAGEMENT PURPOSES AND SHALL NOT BE USED FOR ANY OTHER PURPOSE

Date and Time of the Case Management Conference: February 19, 2026. 3:00 PM

Filing party: Defendants, Marcia Edwards and JB Hunt Transport, Inc.

Attorney of Record: Jared T. Hay, Esquire BAR ID: 88855

Counsel's address: Salmon Ricchezza Singer & Turchi LLP, 1601 Market Street, Suite 2500
Philadelphia, PA 19103.

Email and Telephone for Filing Attorney: 215-606-6600

| | |
|---|---|
| Personal Injury | Complete Section I |
| Real Estate case type | Complete Section II |
| All other case types | Complete Section III |

# SECTION I – PERSONAL INJURY

## For All Parties:

1. Alleged date and location of accident or occurrence: **See Plaintiff's Complaint**

2. Are there any related cases or claims pending, if known: Yes__ No_X_ Unknown __

If so, list caption(s) and docket number(s) or other appropriate identifier(s):

3. Do you anticipate joining additional parties at this time? Yes_-__ No X Unknown ___

4. Demand: $ **None** Offer: $ **None**

5. On behalf of the responding party, are you interested in court - supervised early mediation? Yes____ No **X**

## FOR THE PLAINTIFF: See Plaintiff's Memo

6. Age of Plaintiff on date of alleged accident or occurrence:

7. Set forth a summary of facts giving rise to cause(s) of action:

8. Identify most serious injuries sustained:

9. Is there any permanent injury claimed? Yes____ No ______

   If yes, indicate the type of permanent injury:

10. Please identify each medical treatment facility or medical provider by name, address, and dates of medical treatment:

11. Is medical treatment continuing? Yes____ No____

12. Has there been an inpatient hospitalization? Yes____ No______

13. Has there been any surgery, injection or diagnostic testing performed?

    Yes____ No If yes, indicate the type of surgery, injection or diagnostic test

    performed:

14. Approximate medical bills to date:

15. Approximate medical bills recoverable in this case:

16. In Automobile cases, has PIP been exhausted? If available, please provide a PIP Log to all counsel prior to the Conference.

17. In Automobile cases, please identify Plaintiff's tort status. Please also provide the executed tort waiver in effect as of date of loss and the Declaration Page to all counsel prior to the Conference. If there is an issue with Plaintiff's tort status, please explain.

18. Are there any existing liens (Workers' Compensation, DPW, Medical, etc.)? Yes____

    No____ If yes, what type and approximate amount?

19. Was Plaintiff employed at the time of the accident or occurrence? Yes____ No____ If yes, identify Plaintiff's occupation:

20. Is there a claim for past lost wages? Yes____ No___

    If yes, approximate past lost wages:

21. Is there a claim for future lost earning capacity? Yes____ No__

    If yes, approximate future lost earning capacity:

22. Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.

## FOR THE DEFENDANT:

23. If an answer has been filed, set forth a summary of the applicable defense(s) or any counterclaim, if known: **Preliminary Objections remain pending and Defendants have not yet filed an Answer.**

24. At this time, does the Defense contest:

    a. Liability Yes_**X**___ No____
    b. Causation Yes_**X**___ No____
    c. Economic Damages Yes_ **X** ___ No____ Unknown ___
    d. Non- Economic Damages Yes_ **X** ___ No____ Unknown ___

25. Identify all known insurance coverage, including excess coverage, under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

| **Defendant** | **Insurance Carrier** | **Coverage Limits** |
|---|---|---|

**ACE American Insurance Company with a combined single limit of $1,000,000 and of that amount, Answering Defendant has a self-insured retention of $500,000.**

26. At this time, are you aware of issues as to the applicability of the above insurance coverage? Yes____ No__X__

27. Other than the parties, identify by name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Counsel should demonstrate reasonable effort in identifying witnesses.

<u>**Investigation and discovery is continuing**</u>

# EXHIBIT "G"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| ***FERENCE*** | ***November Term 2025*** |
| ***VS*** | ***No. 02833*** |
| ***EDWARDS ETAL*** | |

***CASE MANAGEMENT ORDER***
***STANDARD TRACK***

DOCKETED
TRIAL DIVISION - CIVIL
20-FEB-2026
A. FARBER

AND NOW, ***Friday, February 20, 2026,*** it is Ordered that:

1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All ***discovery*** on the above matter shall be completed not later than ***01-FEB-2027.***

3. ***Plaintiff*** shall identify and submit ***curriculum vitae and expert reports*** of all expert witnesses intended to testify at trial to all other parties not later than ***01-FEB-2027.***

4. ***Defendant and any additional defendants*** shall identify and submit ***curriculum vitae and expert reports*** of all expert witnesses intended to testify at trial not later than ***01-MAR-2027.***

5. All ***pre-trial motions*** shall be filed not later than ***01-MAR-2027.***

6. A ***settlement conference*** may be scheduled at any time after ***01-MAR-2027.*** Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

   (a). A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

   (b). A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

   (c). Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7. A ***pre-trial conference*** will be scheduled any time after ***03-MAY-2027.*** Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

(a). A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant;

(b). A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c). A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial;

(d). Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e). Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f). Each counsel shall provide an estimate of the anticipated length of trial.

8. ***It is expected that the case will be ready for trial 07-JUN-2027,*** and counsel should anticipate trial to begin expeditiously thereafter.

9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

***BY THE COURT:***

____________________________

***LINDA CARPENTER, J.***
***TEAM LEADER***